# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **NICHOLAS GEORGE,** | |
| **Plaintiff,** | |
| v. | Case No. 14-2160 |
| **KANKAKEE COMMUNITY COLLEGE** and **PRESENCE HOSPITALS PRV,** | |
| **Defendants.** | |

# REPORT AND RECOMMENDATION

In May 2014, Plaintiff, a paramedic student at Kankakee Community College, filed the instant action in Kankakee County, Illinois, alleging that Defendants violated his rights under the Constitution of the United States, the Constitution of Illinois, the Illinois School Code, and the Illinois Administrative Code. Defendant Presence Hospitals PRV timely removed the action to this Court in July 2014. Jurisdiction is proper under 28 U.S.C. § 1331 because Plaintiff has raised federal claims under the United States Constitution. The Court exercises supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

Both Defendants have moved to dismiss Plaintiff's Complaint (## 7, 11). Plaintiff responded (## 13, 14), and, with leave of Court, Defendant Presence Hospital replied (# 16). After reviewing the parties' pleadings and memoranda, the Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that the two Motions to Dismiss **(## 7, 11)** be **GRANTED** in their entirety.

## I. Background

The following background is taken from the complaint (#1-1). Defendant Kankakee Community College (the "College") is a public community college located in Kankakee, Illinois. ¶ 4. Defendant Presence Hospitals PRV (the "Hospital") is an Illinois Not for Profit Corporation operating St. Mary's Hospital Kankakee. ¶ 5. Plaintiff was enrolled as a student at the College, working towards a degree as a Paramedic. ¶ 6. As part of his degree program, Plaintiff was required to participate in an EMT-Paramedic class which involves training and education given at St. Mary's Hospital Kankakee by Hospital employees. ¶ 7. The Hospital maintained a policy that requires all students with the paramedic program to obtain certain vaccinations. ¶ 9. Plaintiff requested admission to the course without being required to undergo the vaccinations due to religious objections. ¶¶ 11-12. This request was rejected by the Hospital and Plaintiff was unable to complete the required course. ¶¶ 13-14. The College similarly rejected Plaintiff's requests that he be granted an exemption from the Hospital's policy. ¶¶ 19-20. As a result, Plaintiff was unable to complete his course of study. ¶ 29.

Plaintiff makes several claims under the United States Constitution. He alleges that these actions violated his right to religious freedom guaranteed by the First Amendment, his right to privacy under the Fourteenth Amendment, and to substantive due process guaranteed by the Fourth and Fourteenth Amendments. ¶¶ 24, 25, 28. Plaintiff makes analogous claims under the Illinois Constitution (¶¶ 24, 25, 28), as well as claims that Defendants' actions violated Illinois law in several respects (¶¶ 23, 31). In his response briefs, Plaintiff further alleges that Defendants have violated the federal Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb.

## II. Legal Standard

Defendants seek dismissal of Plaintiff's complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6) (## 7, 11).[1] A motion to dismiss for failure to state a claim serves to test the sufficiency of the complaint, not to decide the merits of the case. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss, the complaint need only contain

---

[1] Unless otherwise noted, the Motions to Dismiss filed by the Hospital and the College will be taken together, as much of the relevant analysis will apply to arguments made by both parties.

sufficient factual allegations to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, the allegations in the complaint must, one, be detailed enough to "give the defendant 'fair notice of what the claim is and the grounds upon which it rests,'" and, two, "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 554, 555) (alteration omitted).

In considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations in the pleadings. *See Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012). The Court must evaluate the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor. *AnchorBank*, 649 F.3d at 614. Importantly, however, the Court does not accept as true mere legal conclusions, unsupported by factual allegations, or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

### III. Analysis

The Hospital makes several arguments for dismissal of Plaintiff's constitutional claims (# 7). First, it argues that, because the Hospital is a private entity, not a state actor, its actions are not subject to constitutional analysis. Second, the Hospital contends, even if it were a state actor, Plaintiff has failed to allege cognizable constitutional claims. The Hospital then makes arguments for dismissal of Plaintiff's state law claims. Similarly, the College argues that Plaintiff has failed to state a claim for any constitutional violations of his rights and that his state law claims similarly fail (# 11).

### A. Constitutional Protections

First, the Hospital argues that as a private entity, it is not a state actor and, therefore, the protections of the constitution against government action do not apply. While the Hospital concedes that, when a state delegates a public function to a private entity, the private party may be deemed a state actor, it argues that this only applies when the private entity is performing a function that is traditionally the exclusive prerogative of the state, *see Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996), and that Plaintiff's complaint does not plausibly allege that the Hospital

3

was performing any such function. Plaintiff contends that, because the Hospital voluntarily partnered with a state college to teach a class integral to the course of study offered by the state college, it is carrying out the state's responsibility by teaching a portion of the College's curriculum. Therefore, it should be considered a state actor.

On the other hand, the College argues that, while it is owned by the state, it cannot be held accountable for the consequences of the Hospital's policies, as it has no control over the policy-making or implementation of any policies by the Hospital. The College argues that, because the alleged constitutional violations stem from the implementation of the Hospital's policy, Plaintiff has failed to show that the College violated his rights and, as such, the constitutional claims against the College should be dismissed. Plaintiff contends, however, that by enforcing the decision of the Hospital to prevent Plaintiff from participating in the course of study offered by the College, the College has made itself a party to the deprivation of Plaintiff's rights, and effectively adopted that policy as its own. The College is, therefore, equally liable for the enforcement of the Hospital's policies.

As explained below, the Court finds that no Constitutional violations have occurred. Therefore, it is unnecessary for the Court to resolve either of these questions. Without deciding and for the purpose of the following analysis only, the Court will assume that the relationship between the College and the Hospital make the College equally liable for the policies of the Hospital and confer upon the Hospital "state actor" status.

### B. Constitutional Analysis

Plaintiff has raised three constitutional challenges to the vaccination policy implemented by the Hospital. First, he argues that the vaccination policy has impermissibly infringed upon his right to free exercise of religion, violating the First Amendment to the United States Constitution. Second, he argues that the actions of the Defendants have infringed upon his right to due process, as guaranteed by the Fourth and Fourteenth Amendments. Finally, he argues that his Fourteenth Amendment right to privacy has been violated. The Court will address each of these allegations in turn.

*1. Due Process*

Plaintiff, in his complaint, alleges that:

> Defendants have no rational basis to believe that Plaintiff has or will infect any patient with any communicable disease and to the extent that they attempt to apply their blanket policy against him, that action is arbitrary and capricious and violates Plaintiff's rights to substantive Due Process guaranteed by … the Fourth and Fourteenth Amendment to the United States Constitution.

Defendants argue that Plaintiff's claim fails as a matter of law, as there is no constitutional right to continued enrollment at a post-secondary educational program. Defendants also argue that Plaintiff has not adequately pled a procedural due process claim, as he has made no allegation that Plaintiff was denied proper due process in connection with a constitutionally protected property or liberty interest. In his responses to the motions to dismiss, Plaintiff argues that the Defendants have mischaracterized the due process issue as a substantive due process claim rather than a procedural due process claim, stating that he "has pled that he has a legally protected entitlement to continue his education without a deprivation of his First Amendment rights." Because, however, the complaint specifically references substantive due process, the Court will address both types of due process.

### a. Substantive Due Process

Substantive Due Process requires only that a government practice or regulation be "rationally related to a legitimate government interest," unless it encroaches on a fundamental right. *Charleston v. Board of Trustees of Univ. of Ill. at Chi.*, 741 F.3d 769, 774 (7th Cir. 2013), quoting *Lee v. City of Chi.*, 330 F.3d 456,467 (7th Cir. 2003). As the Seventh Circuit has recently reiterated, there is no "fundamental right to a graduate education." *Charleston*, 741 F.3d at 774. Plaintiff points to no other substantive fundamental right allegedly infringed by the Hospital's policy. Therefore, the policy must simply be rationally related to a legitimate government interest to be upheld under the Due Process Clause. In *Jacobson v. Massachusetts*, 197 U.S. 11 (1905), the Supreme Court concluded that a statue that authorized a municipal board of health to require and enforce vaccination for residents of the municipality did not "invade[] *any right* secured by the Federal Constitution." *Id.* at 38 (emphasis added). Plaintiff has not articulated, and this Court cannot conceive of, a reason that a hospital, even when behaving as a state actor, could not impose a similar requirement on its employees. Therefore, this Court concludes that Plaintiff has failed to state a claim for violation of his substantive due process rights.

5

### b. Procedural Due Process

Plaintiff has alleged that he has a legally protected entitlement to continue his education without deprivation of his First Amendment Rights and that procedural due process protects rights guaranteed under the First Amendment. A procedural due process analysis involves two steps. "First, the court must identify the protected property or liberty interest at stake. Second, it must determine what process is due under the circumstances." *Charleston*, 741 F.3d at 772. Plaintiff claims that the "property or liberty interest at stake" in this case is Plaintiff's legitimate and reasonable reliance upon the promise from the State to honor Plaintiff's right to religious freedom, made via both the United States and Illinois Constitutions. Therefore, by the logic of Plaintiff's own argument, a finding that his procedural due process rights were violated is contingent upon a finding that the Hospital's policy infringed upon his First Amendment free exercise rights. As explained infra, this Court concludes that Plaintiff's right to free exercise was not violated by the Hospital or the College and, therefore, his procedural due process argument must also fail.

### 2. *Right to Privacy*

Plaintiff claims in his complaint that Defendants' refusal to allow him to participate in the clinical portion of the paramedic course violates his right to privacy guaranteed by the Fourteenth Amendment to the United States Constitution and guaranteed by the Illinois Constitution. Defendants have argued that Plaintiff has failed to make a claim for a violation of his Fourteenth Amendment right to privacy as he has failed to identify what, if anything, was disclosed. Plaintiff has offered no response to the arguments advanced by Defendants regarding the right to privacy.

As the Seventh Circuit explains, "except when dealing with searches and seizures, the [Supreme] Court in the decades since [*Whalen v. Roe*, 429 U.S. 589 (1977), was decided] has confined the label 'privacy' mainly to sexual and reproductive rights, such as the right to use contraceptives or have an abortion or engage in homosexual acts." *Wolfe v. Schaefer*, 619 F.3d 782, 784 (7th Cir. 2010). The right to conceal information about oneself has also been recognized by the Supreme Court in Fourth Amendment search and seizure cases, but otherwise

"only when anonymity is sought in order to protect freedom of expression." *Id.* In this case, Plaintiff has not alleged any infringement of sexual or reproductive rights, nor has he alleged facts relating to anonymity or freedom of expression. Therefore, the Court finds that he has failed to state a claim for a violation of his Fourteenth Amendment right to privacy.

3. *Right to Free Exercise of Religion*

Plaintiff's complaint alleges that the actions of the College and the Hospital have infringed upon his First Amendment rights to the free exercise of religion. The First Amendment to the United States Constitution provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. Amend. 1. This prohibition applies to the States through the Fourteenth Amendment. *Cantwell v. Conn.*, 310 U.S. 296, 303 (1940). The Supreme Court has been clear, though, that while the freedom to believe is absolute, the freedom to act cannot be, as conduct must be subject to regulation for the protection of society. *Id.* at 303-04.

The Supreme Court has recognized that the First Amendment prohibits a state actor from seeking to ban certain acts or abstentions, including assembling with others for a worship service, proselytizing, and abstaining from certain foods, "only when they are engaged in for religious reasons, or only because of the religious belief that they display." *Employment Div., Dept. of Human Resources of Or. v. Smith*, 494 U.S. 872, 877 (1990). However, in *Smith*, the Court emphasized that it has "never held that an individual's religious beliefs excuse him from compliance with an otherwise valid law prohibiting conduct that the State is free to regulate." *Id.* at 878-79. Indeed, "the right of free exercise does not relieve an individual of the obligation to comply with a 'valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes).'" *Id.* at 879 *quoting United States v. Lee*, 455 U.S. 252, 263, n. 3 (1982) (Stevens, J., concurring in judgment).[2] The

---

[2] Defendant argues that this holding cannot apply here, as the compulsion to obtain vaccines sought to be imposed on Plaintiff does not come from the State of Illinois, and there is no act by the State of Illinois which authorizes either the College or the Hospital to compel Plaintiff to undergo vaccination. However, Plaintiff has alleged that the policy at issue is that of a state actor – that both the College and the Hospital are state actors in the instant situation. The Court has assumed, without deciding, that this policy is that of one or more state actors. For the purposes of this analysis, therefore, the Court will treat it as such. While Plaintiff is correct that it is not a law enacted by the State, he fails to point to any authority for the proposition that a law enacted by a state is reviewed differently from a "policy" created and enforced by a state actor. This Court is not aware of any reason to make such a distinction.

Court noted that "[t]he only decisions in which [it has] held that the First Amendment bars application of a neutral, generally applicable law to religiously motivated action have involved not the Free Exercise Clause alone, but the Free Exercise Clause in conjunction with other constitutional protection, such as freedom of speech and of the press, or the right of parents … to direct the education of their children." *Id.* at 881 (citations omitted).

In the instant case, the Hospital's policy is a generally applicable, neutral policy. There is no allegation in the pleadings that the policy is religiously motivated or applies only to those who hold certain religious beliefs. Similarly, a hybrid situation, such as those highlighted by the Supreme Court in *Smith* does not exist here. As discussed above, no independent due process violation has been alleged. Similarly, no right to privacy violation has been alleged. Therefore, the Court concludes that Plaintiff has failed to allege a viable First Amendment freedom of exercise claim.[3]

### C. Federal Statutory Analysis

In his Responses, Plaintiff raises a new claim[4]: that Defendants' actions violate the Religious Freedom Restoration Act (the RFRA). In particular, he points to 42 U.S.C. 2000bb, which states:

(a) In General
Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b) of this section.

(b) Exception
Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person –

(1) is in furtherance of a compelling government interest; and

---

[3] The Court notes, as an aside, that even if a strict scrutiny standard applied to this claim, many courts have found that the State has a compelling interest in preventing the spread of communicable diseases, and even statutes requiring vaccinations as a condition to admission to public elementary school does not unconstitutionally infringe upon a parent or a child's right to free exercise. *See Workman v. Mingo Cty. Bd. of Educ.*, 419 Fed. Appx. 348, 353-54 (4th Cir. 2011) (collecting cases).

[4] Though Plaintiff has not explicitly pled a violation of the RFRA in his complaint, he urges the Court to consider the argument here, because he argues that the facts pled adequately allege such a violation and it is not necessary to plead a legal theory. The Hospital disputes this. Plaintiff asks, in the alternative, to be given leave to amend his complaint to include this allegation. In the interest of judicial economy, the Court will address this argument here on its merits.

8

> > (2) is the least restrictive means of furthering that compelling governmental interest.
>
> (c) Judicial Relief
> A person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government. Standing to assert a claim or defense under this section shall be governed by the general rules of standing under article III of the Constitution.

Under the RFRA, the government bears the burden of establishing both a compelling governmental interest and justifying the means sought to further that interest. *Burwell v. Hobby Lobby Stores, Inc.*, 134 S.Ct. 2751, 2767 (2014). Plaintiff argues that Defendants have failed to do this. The Hospital counters that the RFRA doesn't apply in this situation. The Court agrees. As the Hospital accurately points out, the RFRA applies only to the federal government. *See* 42 U.S.C. § 2000bb-3(a) ("This chapter applies to all Federal law, and the implementation of that law, whether statutory or otherwise…"); *City of Boerne v. Flores*, 521 U.S. 507, 535-36 (1997) (holding that the RFRA was unconstitutional as applied to the States, in that it exceeded Congress's enforcement powers under the Fourteenth Amendment). Plaintiff has alleged purely state, not federal, action in this case and, as such, has not alleged any basis for a claim under the RFRA.

### D. State Law Claims

Plaintiff raises several claims based on Illinois law. First, he raises analogous claims to those discussed above under the Illinois Constitution. He also alleges that Defendants have violated the Illinois School Code, the Illinois College Immunization Code, and the Illinois School Student Records Act. Because this Court has found that Plaintiff's federal law claims previously addressed fail to state a claim for relief, they fail to confer jurisdiction on this Court. The Court therefore has no primary jurisdiction to be extended into supplemental jurisdiction over Plaintiff's state law claims and, therefore, these also must be dismissed.

### IV. Conclusion

For the reasons stated above, the Court recommends that Defendants' Motions to Dismiss (## 7, 11) be **GRANTED**, and that this Court decline to exercise jurisdiction over Plaintiff's complaint and Plaintiff's state claims be remanded to state court. The parties are advised that any

objection to this recommendation must be filed in writing with the clerk within fourteen (14) working days after being served with a copy of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21 Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 27th day of October, 2014.

     s/DAVID G. BERNTHAL     
UNITED STATES MAGISTRATE JUDGE
